Case number 14-6013 and 15-5037 United States of America v. Manila Vichitvongsa Argument not to exceed 15 minutes per side Mr. Evans, you may proceed for the appellant May it please the Court Luke Evans on behalf of the appellant Manila Vichitvongsa I'd like to reserve 40 minutes for rebuttal Your Honor, this is a case out of the Middle District of Tennessee Actually two separate cases that were combined for appeal purposes Based on the time limitations, I will be focusing on primarily the effect of the Conditions in this case during my time in argument today Essentially, this case boils down to a situation that would be our position Violates the intent, the ultimate intent of 924C I believe one of the cases summarizes 924C or the congressional intent behind it And I'm paraphrasing, but to say that essentially if someone goes out and carries a gun While committing a drug offense, they'll go to jail And if they carry it at second, they'll go to jail longer Is that important, the significant increase in the second offense Is that important in determining congressional intent? I don't believe So the first use is what, a mandatory of five? Yes, Your Honor, this one was a In this instance, he was convicted of four, he got told 82 years, seven years for the first Under the statute in your client's case, the first use was five years mandatory How much was the second? I believe the second would be 25 years So is the argument that it would be irrational for Congress to tie those both to one end? Whether it's rational or not, I'm not suggesting at this point that the current state Based on what we have in front of us, I believe it's improper to tie those In its current state, the 924C statute, to allow essentially a person to be punished multiple times For not carrying the gun the second time, which is the language, I guess, from Johnson That I'm pulling from when they're discussing the congressional intent issue In this case, you've got essentially conspiracy counts They're not substantive counts, and I think that is something that should drive this argument Because, as Sanito says, what drives the nucleus of the offense and the conspiracy is the agreement itself And in this instance, the substantive acts of the predicate offenses was not charged You know, the actual robbery wasn't charged substantively The actual drug conspiracy was not charged substantively What was charged was the agreement to do those things Which is why, in this case, you find a scenario where Mr. Vicibonto is being convicted of drug conspiracy For an agreement to rob drug dealers of drugs and money And no drugs were recovered from the robbers However, he's still being prosecuted and convicted of a drug conspiracy without the dope Because it's the agreement, and I understand the Sanito standard and it being the agreement But when we start applying the conspiracy context to the 924C under predicate offenses I think it's important to go to Graham and see what Graham says Because in Graham, for the first time, it seems the court talks about this idea of predicate offenses and predicate acts And you see this language develop in Graham It may have been there before, and I didn't notice it, but it hit me Now, you're talking about the unit of prosecution Absolutely So, what is the unit of prosecution here? It's clear that there's a number of other circuits that have addressed the unit of prosecution issue in the 924C context And what they're looking to is how many abuses, carries, or possessions occurred So, what is your position on how many abuses, carries, or possessions occurred in the 924C charges that we're discussing? Your Honor, it would be our position, on behalf of Mr. Pichifantis, that one abuse occurred based on the charge offenses, the predicate offenses And it was our position that the singular conspiracy, a singular agreement to rob drug dealers of guns and money When did the first, was the tip on the second robbery, was that provided after the first robbery had been completed? Your Honor, it's my recollection, and I think it's somewhat unclear, or at least convoluted as to the timing and the way it came out It's my recollection that the discussions of the robbery, of the second robbery, occurred prior to the first robbery Your Honor, I thought the government had argued, I thought there was some evidence that it occurred on the evening after the first robbery Well, and I do recall there being proof from, I believe Blake Berg was the witness that spoke to that Didn't he say that they were not looked at the second robbery site about two days before the robbery? Yes, but there was a significant amount of testimony How many days between the two robberies? How much time? I believe we're talking a matter of maybe two weeks tops So if he goes out and looks at it two days before the second robbery, doesn't that suggest that he wouldn't have told your client about the second location until sometime after the first robbery? Well, in fact, I believe the testimony, Your Honor, was that when he went and looked to scope out the Smith County, and that's why there was a reference in the brief, the Smith County location He actually took individuals with him in preparation to scout the location Didn't he say that was two days before the actual robbery? That could be the case. I don't remember the exact number of days, but it was within a few days Is there any record evidence where they all sat down and talked about a second robbery before the first robbery? Your Honor, the record reflects that they had, before the first robbery, that there was a group meeting at, I believe, Kentucky Fried Chicken in reference to the Littleton robbery But it didn't include Berg, right? That's correct It was involved in the second robbery That's correct What included Mr. Berg was discussions, at least he claimed, just between he and Mr. Ritchie Boggs that included discussions about Smith County So in terms of the, we're here after a guilty verdict, and so isn't there record evidence to support the jury's finding that there had been at least two separate conspiracies? One for the first robbery and one for the second I believe that the jury definitely spoke in return for those verdicts So it's usually a better argument whether it should be two 924Cs on each of the two robberies? Yes, and absolutely, that's the main argument as it may get debated Is your argument regarding the 924C convictions a statutory construction argument or a constitutional public health argument, or both? Your Honor, I believe as we have it situated, it's more a double jeopardy argument at this time But you just argued the traditional intent, that's how you started out I do understand, I do understand that, but I On a mutually exclusive Yeah, that's why I said it's both And it could be both I think my intention in the brief initially going forward on this issue was a double jeopardy issue primarily But I do believe, as Your Honor has pointed out, that they are part and parcel of one another The way to do it is if the congressional intent is ambiguous to construe it in a way that is constitutional to avoid a constitutional problem to issue Yes, Your Honor That's the canon of construction, and I know it is If we were to agree with you and vacate two of the 924C convictions, would there just be a straight remand for reentry of the judgment of sentence, or would the district judge have anything to do with a remand? That's a question that I have been going back and forth in my mind over Because essentially the way the 924C statute is constructed is something that arguably could be done by Your Honors In just purely vacating two of the 924Cs Because effectively it would be our position that if it was sent back for resentencing under that context, that it would be a very simple exercise, to put it strongly A ministerial task Exactly How about your argument of a violation of substantive reasonableness? Would that be moved if we agreed with you to vacate the 924C convictions? It would at this point. I mean, you're talking about a sentence of a total of 106 years between the two cases, 101 years specifically for the 13th case, which is the robbery case, 82 years of which were 924Cs I believe that would absolutely gut that argument for lack of a better term So you're willing to see that the sentence would be substantively reasonable if we agreed to vacate the two 924C convictions? Respectfully to the court, Your Honor, that's the major push of this, of why we're here before this court, is the effect, the 80-year effect of 924Cs Any other questions? All right. Thank you, counsel. Thank you, Your Honor. You'll have your three minutes to follow-up Good morning. May it please the court, Phil Wiggum on behalf of the United States, asking this court to affirm the defendant's convictions and sentences in both cases I, too, will not address the – we're here about two cases, one of which pertained to a simple felon in possession case. I'll turn my attention, as I know it, to the court's interest and issue related to the conspiracy issue raised by Mr. Evans opposing counsel, as well as the 924C effect in this case I will note for the court that with respect to the 924C offenses, I think that the test that is applied is whether or not there are separate offenses that are charged as predicate offenses Weren't they both charged as conspiracies? That's correct, Your Honor. How would the elements differ? A conspiracy to sell drugs and a conspiracy to commit a hobs act robbery? Aren't they both kind of – and I apologize, but aren't the elements generally the same, that there is a collaboration, confederation with others to commit an illegal act? There would be a collaboration in that part. That's correct, Your Honor. However, the object of each conspiracy is different. The object of one conspiracy is to commit the violation of Section 18 U.S.C. 1951, the hobs act robbery offense. The other one relates to a conspiracy to commit a 21 U.S.C. 846 offense, which is to possess or intend to distribute controlled substances. So there are different offenses that serve as the predicates for each of the four 924C charges. So I submit to the court that, consistent with what we cited in our brief, the neighbor's case that talked about the instance where, while the conduct may be simultaneous, where there was, at least in part, there was an execution of a warrant, and in the process of that warrant, there's a shooting and I believe it was an ATF-aided shot. There are charges associated with drug trafficking that have recovered at the residence and firearms, obviously, and there were separate 924C convictions that were affirmed, one related to the drug trafficking, underlying drug trafficking offense, one related to the shooting of the federal agent. So I submit to the court that I think, under the law, that even if it's simultaneous conduct, there still can be separate offenses, and I think that the 924C offense, the 924C convictions would survive that. I do know, and I know where the court's concern would be, which really, I think, spills over more toward the effect of the conspiracy charges, because that could impact the court's analysis on how to view the 924Cs. For example, if the court found that there's really only one conspiracy as to each criminal episode, each home invasion, then that could impact the court's analysis as to whether or not there would only be one 924C offense. Well, what if we decided there were two conspiracies, two different people, discussions at different times, two conspiracies? The question becomes, how does the unit of prosecution analysis impact this case? There's a lot of other circuit law out there that recognizes that you have to look to the unit of prosecution and ask a simple question. What use, carry, or possession of a firearm is an issue? How many times do these defendants choose to use, carry, or possess a firearm? So even if there are two conspiracies, for each separate conspiracy, how many times was that choice made? I would say that the choice is made twice within each of the two episodes that Your Honor is talking about. Because one, they're choosing to carry firearms to effect the robbery, the conspiracy to commit the robbery. They're also carrying firearms in relation to their attempt to possess with the intent to distribute drugs. But in the statutory analysis, the verb is use, carry, or possess. So how is there more than one use, carry, or possession in the action of each conspiracy? Well, because the predicate offenses for each of the 924C offenses, Your Honor, refers to a separate charge. Conspiracy to commit an object robbery and conspiracy to possess with the intent to distribute. But isn't that the very essence of looking distinctly at a unit of prosecution plan? Because it's not necessarily dependent upon the predicate issues. It's dependent upon the choice under the statutory language to use, carry, or possess. You know, I'm thinking of 10th Circuit law that makes clear that 924C has two unit of possession issues. Meaning that each charge must involve both an act of using, carrying, or possession. And that such an act must come during and in relation to a furtherance of a qualifying crime. So you have to have both. And I'm struggling to understand why you don't have a singular choice to use, carry, or possess in each of these. Which would mean you get a 924C, but you only get one. Yes, Your Honor. I understand that. And I know where the, based on the other questioning that the court has, that we have, just to make it clear, we have two separate home invasion robberies. They occur approximately two and a half weeks apart. One was like June 10th, one June 27th. Sure. In different, different counties. Involves some of the same characters, some different characters. How far, how far in distance? Smith County, Your Honor, which is in East Tennessee. Roughly how many miles? In Rutherford County, probably, certainly would be over an hour, I would anticipate, locations. One is more urban, one is more rural. Smith County being more rural, that's near, I think near Carthage area. East Tennessee, I don't have the exact distance, I don't want to speculate, but I think it would be at least, would have been at least an hour distance between those two. But the time difference is, it was about two and a half weeks difference, June 10th to June 27th. And what we charged in that case is, admittedly, the conspiracies that were charged and their corresponding 924C offenses covered a very narrow period, specifically on the date of the actual home invasions occurred. So I point that out to the court. Clearly, there is no indication in the record, just to, and I'm trying to address Your Honor's questions as best I can. Clearly, there's no indication in the record that these conspiracies, these two separate home invasions, that they were in any way related. Well, Sue, we agree with that. So now, let's break it down to the unit of prosecution charge. The analysis that we see at the 10th Circuit and the 5th Circuit and the 7th Circuit and the 2nd Circuit, all of which look to be in the prosecution. I would agree with you. Let's say we have two separate conspiracies. Still, the question becomes, under the statutory language, both as a statutory interpretation and as a component of a double jeopardy issue, how many choices were made to use, carry, or possess? They walked in one door. They held the gun. It was throughout the action of the crimes of the perpetrator. It's a unit of prosecution. I'm struggling to understand how you get to, dependent upon the number of ways you choose to charge it, you get to have the first seven years and then another 25 and then another 25. I don't see a limiting principle on your argument. It would keep us from having 200-year sentences for every crime in which you have the ability to charge multiple predator offenses. Well, Your Honor, in this case, as I think the neighbor's case illustrated, there were two crimes being committed in each of the separate home invasions. One, they're conspiring to possess with the intent to distribute drugs, and two, they're conspiring to enter those homes and commit robberies. I mean, couldn't you have joined both? Couldn't you have brought the Hobbs Act charge, saying they conspired to rob people of money and rob people of drugs? But it still is – those statutes refer to different harms, one being more so related to violence. One, the drug trafficking statute, obviously related to drug trafficking. You could have charged the – you can bring a Hobbs Act charge for the theft of drugs, right? You can, yes, Your Honor. So you could have made the decision to separate the two, but you could have charged them both under one. You potentially – The Hobbs Act charge. Yes, you could have charged them under one. Really, the more the bigger focus of their robbery wasn't it, to steal money, but also potentially steal drugs. Yes, and there were varying amounts, but several kilograms of cocaine in one, several hundred. Can I shift just a little bit about congressional intent under 924C? It doesn't make sense that Congress – wouldn't it make more sense that Congress intended to really ratchet up the second offense for kind of somebody who's been involved in two separate occasions rather than one, somebody who's committed two criminal acts in the same occasion? Well, yes, Your Honor. I know that congressional intent behind the 924C being so much more substantial for the second violation, even in the same case, is to treat harshly those people who choose to carry weapons while they commit offenses. And so, yes, it's a very harsh penalty. There's no question about that. What I was referring to was the difference between the first use and the second. The first use would be, in this case, within seven years because they brandished it. And then the second, 25. 25, yes, Your Honor. Wouldn't it make more sense that Congress was really more concerned with somebody who had sequentially used guns in repeat robberies or repeat qualifying offenses? I'm not quite sure. I understand what Your Honor did part of saying in terms of, yes, I think Congress wants to ratchet up the penalties to deter and to punish people who are committing violent acts or serious acts using fire because of the inherent danger associated with their use in criminal activity. But in terms of, I'm not sure what the follow-up is. What I'm going at is, and this is stated in the Tenth Circuit opinion, congressional intent, wouldn't it make more sense that somebody who, on two separate occasions, uses a gun on the first, then makes a conscious decision to use a gun on the second? The first one, he may get seven years. The second one, he gets 25. Isn't that in a lot of ways more logical than a congressional intent that says that if you happen to be charged by the government with three offenses out of the same single act or same single robbery, that you suddenly get seven plus 25 plus 25? Your Honor, respectfully, I'd harken back to the example I gave in the Nabors case, which seems to be a well-cited opinion through the Sixth Circuit, dealing with you can commit simultaneous violations of Section 924C essentially at the same time. When they were executing a warrant, you find drugs, there's guns and drugs, and they shoot at the agent. That's essentially one incident that's going on at that point, but it sustained two 924C convictions in that case. I think, practically speaking, what we're talking about here, it's not exactly the same, I understand that, but it's at least comparable to that line of thinking because what was going on here is this defendant and his cohorts decided to commit these two offenses. One, to get to be able to possess with the intent to distribute the drugs they were seeking, they would have to go in and obviously obtain those drugs. But they're also trying to rob the locations of dope money. The robbery of the dope money, in and of itself, would serve as a basis for a Section 1951 violation. So there are multiple criminal acts going on in the 924, and they were using firearms in burglars or in connection with both of those violations in each of the two incidents. So I would submit to the court that under no circumstances, as Mr. Evans had originally argued, is there any indication that there is one overarching conspiracy? Nothing at all, but more so that there is evidence that there were multiple crimes being committed with the firearms when they chose to enter those two locations, as the district court found. So I would submit to the court that the court's finding on that is supported by the case law that he cited in this circuit. And it is a harsh sentence. Is there any limiting principle from that argument? As to how many ways you can break down one singular crime and one singular carry such that it all depends on the method of charging? Well, I understand the court's question. I know that this case cited by Mr. Evans would probably be an example of that. I believe the Johnson decision where they broke down the different types of drugs, I think it was cocaine and marijuana, that were recovered, I believe, or involved at the exact same time and had a 924C associated with each one of those, and then they found that that was rock and roll. Rock was on the one. Rock was on the one. That's a different scenario, I think, rather than what we have here. But, yeah, I think there are some limiting principles. I think that case represents one of them, but that case was very narrowly viewed in this circuit as such when cases indicated. So I would submit that even though that is a situation, and, yes, there does need to be some narrowing, that this is not that case. I think Johnson is more akin to what we'd be talking about in terms of a narrowing example. So I would submit to the court, respectfully, that these convictions were properly found by the court and the district judge properly sentenced the defendant for each of those convictions, all four 924C convictions. It is a very harsh sentence, but Mr. Vichebonce and his cohorts, his conduct, that's at issue here, was extremely serious, to be characterized as a courageous conduct, and it merited a very substantial sentence in this case. I know that no one is indicating that that's the case or that's not the case, but I would submit that based on the case law that we have, principally relying on the Nabors case, and they can reference the Angelus case in there as well, that the district court correctly determined that there was no double jeopardy issue here and that all four 924C convictions should stay. Any further questions? I see my time is up. Thank you. Thank you, counsel. It's very much a good treatment. Thank you. As to the unit of prosecution issue, and as we speak to in our brief, essentially what the government is arguing for before this court today is for unbridled power, unbridled power to manipulate the recharging situation instead of Congress or the statute dictating how the prosecution proceeds. The prosecution gets to dictate, slice and dice, how they proceed in any case in order to decide on their own who deserves what stiff or punishment. As he's saying, this was egregious, this was this. We don't like this particular set of facts. It's more egregious. So we can, on our own, go in and manipulate 924C to get hundreds of years, as opposed to another case where the same arm of prosecution, and we see this very often, even in the middle district, where the same arm of prosecution will take a gang case, and they will allege one overarching conspiracy of the gang to basically sell drugs and rob to create proceeds for the gang. The question then becomes, does it create new conspiracies every time a gang member is added to the gang? And they continue forth. Well, in those cases, one specifically I was involved with, that was considered the same conspiracy, the same overarching conspiracy, throughout that period of time, even though there were multiple robbers in that instance. So I'm showing that as just an example of how the government has this unbridled discretion to say, well, in this case, we're going to make one overarching conspiracy. Your line will still effectively get a life sentence, even if there are only 294C convictions, correct? Yes, Your Honor. Absolutely, Your Honor. And regardless of, the point of all this is, regardless of the distaste for the conduct, the law should set out what the penalty is in a very clear way, in a very fair way. It does not offend the Constitution and start any penalty for someone that punishes them multiple times for one act, or three times for two acts, or any time they're getting punished multiple times for the same act, it shouldn't let me be able to stand. And that's why we would ask this Court to make any sentencing. Are there any questions? Thank you, Mr. Reyes. The case will be submitted. Thank you for your arguments. Mr. Evans, thank you for accepting the assignment. Thank you.